■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT NASTI, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 4, 1970, convicting him of robbery in the first degree, grand larceny in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. In our opinion, although the testimony was sufficient to enable the jury to find that defendant's guilt had been established beyond a reasonable doubt, the case was still close. Under these circumstances it was error to permit the prosecutor to cross-examine defendant with regard to a conviction which he had been specifically informed was that of the defendant's son (Albert Nasti, Jr.) (*People* v. *Whitmoyer*, 24 A D 2d 611). Moreover, by refusing to delay this

interrogation until this information could be verified and by subsequently refusing to concede, before the jury, after the information had been verified, that defendant had no such conviction, we believe the prosecutor demonstrated that the questions had not been asked in good faith, i.e., with some reasonable basis for believing the truth of the things asked (*People* v. *Alamo,* 23 N Y 2d 630). Respondent contends that the error is harmless because appellant could have been interrogated about the facts underlying the charges which resulted in the son's conviction. This contention is without merit. Those charges were dismissed in the Criminal Court of the City of New York as to appellant, on motion of the District Attorney, and such a dismissal is a bar to interrogation such as is here in question, unless the defendant is subsequently indicted (*People* v. *Sanza,* 37 A D 2d 632). Such a dismissal is distinguishable from the "otherwise unexplained 'termination'" held by the Court of Appeals in *People* v. *Vidal* (26 N Y 2d 249, 253) not to bar interrogation as to such underlying charges. We have considered appellant's other contentions and find them to be without merit. We note, however, that many of the prosecutor's comments bordered on the impermissible; and we caution against such remarks on the retrial. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.