■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT S. ALBERTI, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered October 3, 1979, convicting him of criminal sale of a controlled substance in the third and sixth degrees and criminal possession of a controlled substance in the third and sixth degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). It was not error for the court to permit the District Attorney to inquire, upon cross-examination of the defendant, into the underlying acts of a prior charge of forgery, the prosecution of which was dismissed in satisfaction of a plea of guilty by the defendant to robbery in the third degree. Although it is well settled that "reversible error is committed when a prosecutor with knowledge of an acquittal cross-examines a defendant concerning the criminal charge on which he has been acquitted" *(People v Schwartzman,* 24 NY2d 241, 250; emphasis deleted), a dismissal in satisfaction of a plea is not an acquittal which would preclude a

prosecutor in the future from inquiring as to the underlying acts of the crime. It is not a dismissal on the merits. (Compare *People v Vidal,* 26 NY2d 249, and *Walder v United States,* 347 US 62, with *People v Nasti,* 37 AD2d 980.) We have considered defendant's remaining contentions and have found them to be without merit. Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.