(May 31, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH RIVERA, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 8, 1982, upon a verdict convicting defendant of the crime of manslaughter in the first degree. ¶ Defendant was indicted for manslaughter in the first degree for the shooting death of Porfirio Fonseca on June 22, 1981. After a trial by jury, during which defendant relied on the defense of justification, defendant was found guilty as charged and sentenced to an indeterminate term of incarceration of 4 to 12 years. On this appeal, defendant urges that certain errors during the trial require reversal of her conviction. We disagree and affirm. ¶ Defendant claims that County Court, in precluding testimony concerning her state of mind and intent at the time of the shooting, unduly restricted her defense which was designed to demonstrate that defendant was justified in killing Fonseca because he posed a threat to the physical safety of her family. It is well settled that when the defense of justification is presented, a defendant's state of mind

is the crucial fact (see *People v Miller,* 39 NY2d 543, 551; *People v Desmond,* 93 AD2d 822), and that where an actor's state of mind is a material issue, the actor is allowed to testify concerning such issue (see *People v Levan,* 295 NY 26, 33-34; *People v Moran,* 246 NY 100, 103). Accordingly, it was error for County Court to restrict defendant's testimony concerning her state of mind at the time of the shooting (see *People v Stewart,* 37 AD2d 908). Our review of the record, however, convinces us that this error does not require reversal. At other times during her testimony, defendant did convey her fear for her family's safety at the time of the shooting, i.e., defendant testified, "He laid down and I kept shooting him to leave him dead because I can't leave him alive. If I leave him alive I know he is going to kill my kids." Thus, the precluded testimony was cumulative to that heard by the jury, which was able to consider the justification defense with knowledge of defendant's state of mind at the pertinent time. Accordingly, there is no significant probability that the jury would have acquitted defendant if it heard the precluded testimony and any error in this regard was harmless, not requiring reversal (see *People v Crimmins,* 36 NY2d 230, 242). ¶ Also without merit is defendant's claim that County Court erred in denying her motion pursuant to *People v Sandoval* (34 NY2d 371) and allowing the prosecution to impeach defendant with cross-examination concerning previous petit larceny charges and to show, upon denial, her conviction upon a plea of guilty of disorderly conduct. Acts of individual dishonesty, such as offenses involving theft, have a material relevance to a defendant's credibility (*id.,* at p 377). A dismissal in satisfaction of a plea is not an acquittal which would preclude a prosecutor from inquiring about the underlying acts of the crime because it is not a dismissal on the merits (*People v Alberti,* 77 AD2d 602, 603, lv to app den 51 NY2d 728, cert den 449 US 1018). Furthermore, disorderly conduct, as a "violation" (Penal Law, § 240.20), is an "offense" (Penal Law, § 10.00, subds 1, 3), which may be used to impeach the credibility of a defendant (CPL 60.40; see *People v Gray,* 41 AD2d 125, 126, affd 34 NY2d 903, cert den 419 US 1055). In light of these settled precepts, County Court did not abuse its discretion in permitting the prosecution to impeach defendant with cross-examination concerning the acts underlying the previous petit larceny charges and to introduce, upon denial, a certificate of conviction of disorderly conduct. ¶ We also conclude that County Court did not err in allowing the prosecutor to impeach defendant with evidence showing that she had sought and accepted social service checks and benefits to which she was not entitled. As noted above, acts of individual dishonesty have a material relevance to a defendant's credibility, even if such acts do not result in criminal convictions (see, e.g., *People v Sorge,* 301 NY 198, 200; *People v Cole,* 54 AD2d 643). Our review of the record further indicates that there is no merit to defendant's claim that County Court erred in denying her motion for a new interpreter. In view of our dispositions of the errors alleged herein, we reject defendant's claim that the totality of errors during the trial deprived her of a fair trial. ¶ Judgment affirmed. Main, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We cannot agree that the trial court's error in precluding defendant from testifying concerning her state of mind at the time of the shooting was harmless. The trial court charged the jury, and properly so, that a defense of justification is premised on the reasonable belief of a defendant that force is necessary to defend himself or a third person from the use or *imminent* use of unlawful physical force (Penal Law, § 35.15). Here, defendant was unable to establish this element of the justification defense because she was not allowed to testify regarding her belief at the time of the shooting. We do not believe that this void was filled by other

testimony at the trial. Defendant testified that she feared the victim and that she was afraid that he would harm her children. However, such testimony alone would not support a claim that defendant reasonably believed that force was necessary to prevent an imminent attack by the victim. The general fear of an individual, even if reasonable is· not sufficient as the sole basis for justification. The critical issue is a defendant's belief at the time of the allegedly justified act (see *People v Miller*, 39 NY2d 543, 548-549). Here, while the jury was made aware of defendant's general fear of the victim and the reasons therefor, it was not made aware of defendant's belief at the time of the shooting regarding the imminence of any threat presented by the victim. Since defendant was not allowed to provide proof on an issue critical to her defense, the trial court's error was, in our view, prejudicial and warrants a new trial.