OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, and the petition dismissed.
 

 Petitioner was brought to trial on homicide and assault charges stemming from an automobile accident in which a passenger in the car was killed. The essential question at trial was whether petitioner or the third occupant of the car, Michael Dougherty, was the driver. Testifying for the prosecution, Dougherty claimed that petitioner was driving; testifying for the defense, petitioner’s sister claimed that she saw petitioner in the passenger seat when the car left home. Each side supported its position with additional evidence, including the testimony of accident reconstruction experts. Though the trial was conducted over a period of 10 days, the parties disagree as to the time actually spent on the presentation of evidence. The transcript,
 
 *660
 
 including a
 
 Sandoval
 
 hearing, preliminary instructions, openings, summations, the charge, supplemental instructions, and exchanges with the jury, consumed approximately 1,200 pages.
 

 The jury commenced deliberations at 3:00 p.m. on October 30, 1981. Two hours later, the jurors informed the court that they could not agree. The court then gave an AZZera-type charge
 
 (Allen v United States,
 
 164 US 492; 1 CJI [NY] 42.60), reminding the jurors of their oaths and instructing them to make every effort to resolve their differences and arrive at a verdict, and deliberations resumed. Over the next several hours, the jury requested a reading of portions of the testimony, asked questions which were answered by the court, and took a dinner break. At 10:30 p.m., the court declared a recess and sequestered the jury overnight. Deliberations resumed the next morning at 9:30 a.m., interrupted twice for further instructions requested by the jury. At 11:20 a.m., the jury again announced its inability to come to a conclusion. Addressing the jurors, the court asked whether there was “any possibility” of reaching a verdict by further deliberations and review of the evidence. One juror responded, “I don’t think things can be reasoned out. It’s beyond reasoning.” Another juror said, “The same way we stood when we walked in at 4:00 o’clock. We stand that way. We have taken everything and dissected it.” Although the court did not question each juror, none expressed a contrary view. The court then declared a mistrial, stating: “Well, if you’re positive that there’s no possibility of reaching a verdict I’ll declare a mistrial. I’ll discharge the jury and replace the case on the ready calendar for retrial at the earliest opportunity.”
 

 When faced with a retrial, petitioner moved to dismiss the indictment on double jeopardy grounds, but the court denied the motion. Petitioner then commenced this article 78 proceeding in the Appellate Division to prohibit further prosecution. That court granted the petition, finding the trial court’s mistrial declaration after six hours of deliberation an abuse of discretion. We disagree.
 

 As we recently stated, “The decision to declare a mistrial necessarily rests in the broad discretion of the Trial Judge * * * who is best situated to take all circumstances into account and determine whether a mistrial is in fact required in a particular case”
 
 (Matter of Plummer v Rothwax,
 
 63 NY2d 243, 250). In
 
 Plummer,
 
 we found no abuse of discretion in the court’s discharge of a jury 6V2 hours after submission (4V2 hours of actual deliberation time), upon the jury’s first announcement of its
 
 *661
 
 inability to reach a verdict. We noted the impossibility of applying a mechanical formula and stressed the importance of considering all the circumstances.
 

 Although the proceedings here lasted significantly longer than in
 
 Plummer,
 
 the number of hours of trial or deliberations cannot be viewed in isolation. Other circumstances support the Trial Judge’s action and preclude treating the mistrial declaration as an abuse of discretion as a matter of law. Resolution of the primary issue, the identity of the driver, in large measure turned on the jury’s evaluation of the credibility of the prosecution’s chief witness, a task not necessarily complex but one where “a jury could shortly become deadlocked”
 
 (Matter of Plummer v Rothwax,
 
 63 NY2d 243, 251,
 
 supra).
 
 Further, when the jury first said it was deadlocked, the court refused to accept this conclusion and firmly lectured the jurors on the importance of reaching a verdict and reconciling differences if at all possible. The court declared a recess for the day, thereby allowing the jurors additional time to reflect on the evidence and approach deliberations with fresh perspective. When the jury expressed its irreconcilable disagreement for a second time, again the court asked the jury as a whole whether there was any possibility of rendering a verdict. Receiving an explicit negative response from two jurors, and not a word of disagreement from the others, the court was justified in concluding that unanimity was unlikely within a reasonable amount of time (CPL 310.60).
 

 Accordingly, under all the circumstances, the court did not abuse its discretion in discharging the jury and setting the case down for a retrial.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
 

 Judgment reversed, without costs, and petition dismissed in a memorandum.