■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIDDICK, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County (Rosenblatt, J.), rendered September 23, 1980, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the present record, it cannot be concluded that the Trial Justice unduly or improperly interjected himself into the proceedings or displayed hostility or bias prejudicial to defendant. Indeed, some of the actions of the court complained of by defendant actually resulted in rulings favorable to him. Viewing the record as a whole and closely examining the specific claims raised by defendant, the record clearly indicates that the court maintained an unbiased and impartial demeanor at trial and, when it did inject itself into the fact-finding process, it did so in the proper exercise of its supervisory function (see, e.g., People v Jamison, 47 NY2d 882, 884; People v De Jesus, 42 NY2d 519, 523).

We have examined defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RILEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered October 2, 1984, convicting him of criminal possession of stolen property in the first degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Viewing the evidence in the light most favorable to the People, and bearing in mind that issues of credibility are to be resolved and determined by the trier of facts (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we conclude that defendant's guilt was established beyond ·a reasonable doubt (see, e.g., People v Traynham, 85 AD2d 748). Lazer, J. P., Mangano, Brown and Lawrence, JJ., concur.