■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN McCOY, Also Known as NATHAN McKOY, Appellant. —Appeal by the defendant from a ·judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 4, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a video-taped statement.

Judgment affirmed.

We find unpersuasive the defendant's contention that the hearing court should have suppressed a videotaped statement made by him to an Assistant District Attorney. The record

reveals that on the morning after the homicide, at approximately 8:30 A.M., the defendant surrendered to police and received, acknowledged, and waived his *Miranda* rights before giving his account of the crime to the arresting officer. At 11:23 A.M. on the same day, the defendant gave a second lengthy statement concerning his role in the killing to an Assistant District Attorney. This second statement was videotaped and was preceded by a reading of the *Miranda* warnings, after which the defendant again expressly acknowledged and waived his rights. The taped interview ended at 11:49 A.M. Thereafter, the defendant was again questioned by the same Assistant District Attorney in another taped interview which commenced at 1:28 P.M. While the defendant was not fully apprised of the *Miranda* warnings prior to this third period of questioning, he acknowledged that he understood his rights from previous admonitions, and he agreed to answer the questions put to him.

Under these circumstances, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the third statement. It is a firmly established principle that a suspect who is in custody need not be given the full litany of rights prior to questioning if he has previously been informed of those rights within a short time interval *(see, People v Johnson,* 49 AD2d 663, *affd* 40 NY2d 882; *People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *People v Crosby,* 91 AD2d 20). The instant defendant received and acknowledged his rights on two previous occasions (the most recent being approximately two hours prior to the taking of the challenged statement), remained in continuous police custody, and stated that he remembered and understood those rights. Hence, no further warnings were necessary *(see, People v Glinsman, supra).*

Furthermore, we reject the defendant's contention that he was denied a fair trial by the alleged hostility of the Trial Justice. The record reveals that the trial was conducted in an unbiased and impartial manner and that the Justice properly participated in the questioning of some witnesses in order to aid the jury in exploring and narrowing the factual issues *(see, e.g., People v Jamison,* 47 NY2d 882; *People v Moulton,* 43 NY2d 944; *People v Riddick,* 117 AD2d 632). Additionally, we note that any potential prejudice which might have resulted from the comments of the Trial Justice was minimized by his instruction that the jurors were to disregard his remarks to the attorneys and render a verdict based solely upon the

evidence adduced at trial *(see, People v Gonzalez,* 38 NY2d 208; *People v Keppler,* 92 AD2d 1032).

Finally, viewing the evidence in the light most favorable to the prosecution *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620), we conclude that the People adduced sufficient evidence, in the form of testimony by an eyewitness, a ballistics expert and a medical expert, to disprove the defendant's justification defense beyond a reasonable doubt *(see, generally, People v Reyes,* 116 AD2d 602). Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.