■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNELL FELTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorpe, J.), rendered December 9, 1982, convicting her of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence, when viewed in a light most favorable to the People, was sufficient as a matter of law to support the defendant's conviction (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence (CPL 470.15 [5]). In particular, the record contains sufficient evidence of physical injury (see, Penal Law § 10.00 [9]) to support the conviction of assault in the second degree (see, Penal Law § 120.05 [7]; People v Singleton, 121 AD2d 752, lv denied 68 NY2d 918).

Because the defendant asserted the defense of justification, the trial court erred in restricting her testimony as to her state of mind at the time of the alleged assault (see, People v Miller, 39 NY2d 543, 548; People v Rivera, 101 AD2d 981, affd 65 NY2d 661; People v Desmond, 93 AD2d 822). However, inasmuch as the defendant was permitted to testify that the complainant approached her in a threatening manner, and that she lifted her arms to block the complainant, "the precluded testimony was cumulative to that heard by the jury, which was able to consider the justification defense with knowledge of defendant's state of mind at the pertinent time" (People v Rivera, supra, at 982). Accordingly, the error was harmless (see, People v Crimmins, 36 NY2d 230; People v Rivera, supra).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.