■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX NEVAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered May 13, 1985, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record does not support the defendant's claim that he was denied his constitutional right to a fair trial by virtue of the ineffective assistance of counsel. An off-duty police officer observed the defendant waiting in his tan-colored van while his coperpetrator burglarized a residence in broad daylight. When the officer approached the pair, the defendant drove off only to be apprehended a short distance away. Trial counsel proffered the defense that the defendant was unaware of the coperpetrator's intent to burglarize the home and had been unwittingly duped into giving his friend a ride to that address.

Trial counsel presented character witnesses, the defendant himself and a witness to refute the testimony given by the police officer as to the physical layout of the officer's vantage point from which he observed the burglary.

This appeal centers not on any theory of defense that was ignored or on any witnesses or evidence which should have been presented. Rather, with the clarity of hindsight, the defendant now recounts technical flaws and postulates how counsel might have proceeded differently at each stage of the proceedings. However, mere losing tactics do not automatically indicate ineffectiveness (see, *People v Benn,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137). Upon our review of the record, we are satisfied that the defendant received meaningful representation and was not denied a fair trial (see, *People v Satterfield,* 66 NY2d 796; *People v Baldi, supra; People v Aiken,* 45 NY2d 394).

Similarly unavailing is the defendant's contention that the trial court improperly interjected itself into the proceedings. The record reveals the Trial Judge intervened only to clarify issues and to facilitate the orderly and expeditious progress of the proceedings (see, *People v Yut Wai Tom,* 53 NY2d 44; *People v Jamison,* 47 NY2d 882; *People v Moulton,* 43 NY2d 944).

Finally, we decline to disturb the sentence imposed (see, *People v Suitte,* 90 AD2d 80). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.