■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT LUBEROFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 20, 1986, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Because the defendant raised a justification defense, the trial court erred in restricting the defendant's testimony concerning his state of mind at the time of the assault insofar as it related to his belief that the complainant was intoxicated and therefore more likely to use a gun *(People v Miller,* 39 NY2d 543; *People v Guadalupe,* 122 AD2d 807). The precluded testimony, however, " 'was cumulative to that heard by the jury, which was able to consider the justification defense with knowledge of defendant's state of mind at the pertinent time' " *(People v Felton,* 133 AD2d 232; *People v Rivera,* 101 AD2d 981, *affd* 65 NY2d 661). There was considerable evidence before the jury with respect to the complainant's intoxication, and his access to a gun. Any error in restricting the defendant's testimony concerning his state of mind was therefore harmless *(People v Crimmins,* 36 NY2d 230; *People v Felton,* 133 AD2d 232, *supra; People v Rivera,* 101 AD2d 981, *supra).*

Furthermore, the trial court did not err in charging the jury

that the defendant was an interested witness as a matter of law, particularly because the jury was further instructed that the other witnesses might be interested as well *(People v Agosto,* 73 NY2d 963; *People v Curcio,* 148 AD2d 627; *People v Melvin,* 128 AD2d 647; *People v Suarez,* 125 AD2d 350, *lv denied* 69 NY2d 750). Nor did the court err in refusing to charge that the complainant was interested as a matter of law *(People v Curcio,* 148 AD2d 627, *supra; People v Melvin,* 128 AD2d 647, *supra; cf., People v Ingrassia,* 118 AD2d 587; *People v Brabham,* 77 AD2d 626). The trial court succeeded in rendering a balanced charge as evinced by its admonition to the jurors that they should consider the interest of any witness in the outcome of the trial when assessing the weight to be afforded that witness's testimony.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Spatt and Rosenblatt, JJ., concur.