■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered May 26, 1988, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court erred in excluding, as hearsay, testimony offered to circumstantially prove the defendant's state of mind (see, Matter of Bergstein v Board of Educ., 34 NY2d 318; People v Valentin, 130 AD2d 529). The defendant sought to establish that, based upon his conversation with "Shorty", he believed he had permission to enter the complainant's apartment and remove her property. We conclude that this error was harmless because of the overwhelming proof of the defen-

dant's guilt *(see, People v Valentin, supra).* Moreover, the testimony would have been cumulative since the jury heard other evidence with respect to the defendant's state of mind *(see, People v Luberoff,* 150 AD2d 802; *People v Felton,* 133 AD2d 232; *People v Rivera,* 101 AD2d 981, *affd* 65 NY2d 661). The defendant testified that Shorty had the keys to the complainant's apartment and that he did not know that a burglary was taking place.

Furthermore, the defendant's contention that he was deprived of a fair trial by the court's questioning of him during his direct testimony is without merit. Limited interference by the Trial Judge in the questioning of a witness is permissible in order to clarify issues *(see, People v Yut Wai Tom,* 53 NY2d 44; *People v Nevarez,* 141 AD2d 861; *People v McCoy,* 122 AD2d 957). The court ameliorated any possible prejudice to the defendant by instructing the jury that it must disregard any impression gained from the questions that the court had an opinion as to the guilt or innocence of the defendant *(see, People v McCoy, supra).* Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.