■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DUPIGNEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered March 8, 1988, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, *inter alia,* with an assault which resulted in serious and permanent injury to the hand of Norman McLean, Sr. Evidence adduced at trial demonstrates that sometime prior to the instant incident McLean and the defendant had an altercation and that, immediately prior to the incident, McLean had been involved in a physical struggle with the defendant's son. At trial, the defendant attempted to establish the defense of justification *(see,* Penal Law § 35.15). During the course of his direct examination, the defendant unsuccessfully attempted to testify as to what certain third parties had told him concerning McLean's violent propensities. On appeal, he argues that it was reversible error for the court to deny him the opportunity to present this evidence to the jury.

While we agree that evidence concerning the impact on the defendant's state of mind of his knowledge of McLean's general reputation for violence and prior violent acts was relevant *(see, e.g., People v Miller,* 39 NY2d 543; *People v White,* 73 AD2d 865), exclusion of the proffered testimony does not warrant reversal. The defendant was permitted to testify about McLean's prior acts of violence against him and their effects, and there was considerable testimony concerning McLean's conduct immediately prior to the defendant's striking at him with a machete. The proffered testimony would merely have been cumulative *(see, People v Rivera,* 101 AD2d 981, *affd* 65 NY2d 661) and since there is no significant probability that the jury would have acquitted the defendant if the testimony had been allowed, any error in excluding it was harmless *(see, People v Crimmins,* 36 NY2d 230, 242; *see also, People v Felton,* 133 AD2d 232). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.