■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCOTT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered June 12, 1987, convicting him of assault in the second degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the prosecution failed to prove that the arresting officer suffered a physical injury as defined in Penal Law § 10.00 (9), requiring reversal of his judgment of conviction for assault in the second degree (Penal Law § 120.05 [3]). We disagree. At the trial, the police officer testified that as a result of the defendant kicking him in the head, he saw spots and felt very intense pain. The injury suffered in the attack prompted him to seek medical treatment at a local hospital where X rays were taken and where he had several eye examinations. His head was tender to the touch and he took medication for several days to relieve the pain. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt. The jury could reasonably infer from the officer's testimony that the pain he suffered was substantial (see, People v Lundquist, 151 AD2d 505).

The defendant's contention that the trial court improperly conducted the trial is belied by the record (see, People v De Jesus, 42 NY2d 519; People v Vargas, 150 AD2d 513). The court did not improvidently exercise its discretion in granting

an adjournment *(see, People v Tineo,* 64 NY2d 531; *People v Vargas,* 150 AD2d 513, *supra).* In addition, contrary to the defendant's contention, in questioning one of the People's witnesses, the court properly intervened to clarify issues *(see, People v Nevarez,* 141 AD2d 861). In any event, this questioning did not unfairly prejudice the defendant since upon his motion it was stricken from the record. Nor did the court act improperly in allowing the prosecution to reopen its direct case. The determination to reopen a case during trial for further testimony lies within the reasonable discretion of the trial court *(see, People v Washington,* 71 NY2d 916; *People v Ventura,* 35 NY2d 654).

The defendant's contention that the court unfairly marshaled the evidence is without merit. A review of the court's charge reveals that the court presented the evidence to the jury in an evenhanded manner, and properly instructed the jury that its recollection of the evidence controlled *(see, People v Campbell,* 151 AD2d 591; *People v· Cutwright,* 149 AD2d 608).

We have reviewed the defendant's remaining contention and find that it does not require reversal. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.