■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN S. CULLEN, II, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contentions that the conduct of the prosecutor at the Grand Jury impaired the integrity of the proceedings so as to require dismissal of the indictment. The prosecutor has great discretion in presenting a case to the Grand Jury and is not obligated to search for or

present exculpatory evidence, even if that evidence would help the jury to make a more informed decision *(see, People v Lancaster,* 69 NY2d 20, 25-29, *cert denied* 480 US 922; *People v Gilliam,* 172 AD2d 1037). Here, the prosecutor properly refused to allow witnesses to answer questions of grand jurors that were not relevant to the issues before them. Moreover, upon our review of the transcript of the Grand Jury proceeding, we cannot conclude that the prosecutor improperly dominated the proceeding, nor do we find that she improperly failed to make further inquiry after a grand juror affirmed that he could evaluate in an unbiased fashion the testimony of a witness with whom he was familiar. In any event, defendant failed to demonstrate any prejudice to him resulting from the prosecutor's actions *(see, People v Darby,* 75 NY2d 449, 454-455).

The court did not err by refusing to charge that the complainant was an interested witness as a matter of law. The charge, as given, clearly instructed the jury that if it determined that a prosecution witness was an interested witness, it could take that into consideration when evaluating that witness's credibility and when determining how much weight should be accorded that testimony *(see, People v Martin,* 168 AD2d 221; *People v Luberoff,* 150 AD2d 802, *lv denied* 74 NY2d 813).

The court properly denied defendant's motion to set aside the verdict on the basis of newly discovered evidence. The evidence merely impeached the credibility of the complainant on collateral matters and probably would not have resulted in a different verdict if it had been admitted at trial *(see,* CPL 330.30 [3]; *People v Burnette,* 117 AD2d 987). (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Assault, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Pine and Lowery, JJ.