(December 24, 1992)

▌The People of the State of New York, Respondent, v James V. Intelisano, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered November 16, 1989, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and unlawful imprisonment in the second degree.

In the early morning hours of May 1, 1988, the victim was seated in a car with a man she had met just a few hours before. Defendant, with whom the victim had been romantically involved for the past three years and from whom she was then estranged, drove up in his car, removed her bodily from the car, placed her in his car and then drove to a parking lot in Fulton County, where, according to the victim, he slapped, threatened and forcibly raped her, grabbed her roughly by the breast and placed his fingers in her vagina.

After this alleged attack, defendant drove the victim back to

her house. There, the victim, while in the bathroom, telephoned her brother and asked him to summon the police. He did so, and then went to the victim's house where he became embroiled in a physical altercation with defendant. When the police arrived, they found the victim's brother lying on the sidewalk, bleeding from the head. Defendant was arrested, and the victim and her brother went to the hospital, where it was noted that she had bruises on her breast and neck, and scratches on her abdomen.

As a result of this incident, defendant was charged with rape in the first degree, sexual abuse in the first degree, unlawful imprisonment in the second degree (all involving the victim) and assault in the second degree (involving the victim's brother). At trial, defendant attempted to prove that the victim had called him earlier in the evening to come to her house to talk; that while in his car he and the victim merely talked and argued; and that there had been no violent or sexual physical contact between them. He also testified that the victim's brother struck him first and that he only struck back in self-defense after taking several blows.

Defendant was acquitted of rape and assault, but convicted on the remaining charges. On appeal, he takes issue with County Court's *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371), the propriety of the People's impeachment of him and the court's failure to conduct a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350, 361-362).

County Court conducted a *Sandoval* hearing, following which the prosecutor was given leave to question defendant regarding his convictions stemming from charges involving dishonesty, i.e., larceny, attempted burglary and falsely reporting an incident, but without inquiring into their underlying facts. Questions as to several of defendant's other convictions, including one for assault, were not permitted. Thus, the questioning was properly limited to minimize prejudice to defendant while allowing the elements which bear on credibility to be exposed.

Nor did County Court err when it allowed the People to impeach defendant by questioning him with respect to several prior arrests which terminated in pleas of guilty to lesser charges. It is defendant's contention that the mere fact that he was arrested on a charge has no probative value, and that it was therefore error for the court to allow the People to bring the original charges before the jury, when in fact defendant pleaded guilty to lesser offenses. The short answer

to this argument is that a dismissal in satisfaction of a plea to a lesser offense is not an acquittal, and thus does not inhibit inquiry into the underlying facts of the crime or of the arrest itself *(see, People v Rivera,* 101 AD2d 981, 982, *affd* 65 NY2d 661).

There is, however, force to defendant's contention that evidence of his allegedly prior violent contact with the victim was inappropriately admitted, because no *Ventimiglia* hearing was held and no limiting instructions provided. The victim testified that during the 10 months preceding this incident, defendant had on separate occasions kicked her in the stomach, thrown her into his truck, grabbed and detained her during an argument in a parking lot, and slapped, choked and thrown her down on a bed. Additionally, the victim's son testified that he saw defendant kick and slap the victim and that defendant slapped him on one occasion as well. The People argue that this evidence of uncharged crimes was introduced to show forcible compulsion, a necessary element of rape in the first degree and sexual abuse in the first degree, and furthermore that any error was harmless in view of the overwhelming evidence of defendant's guilt.

Although defendant did not request any limiting instruction or object to the charge as given, thus failing to preserve this issue for review, we are of the view that County Court's failure to hold a hearing prior to admitting this evidence, coupled with the failure to give any limiting instruction to the jury, seriously impinged upon defendant's right to a fair trial, thereby mandating a reversal in the interest of justice.

It is a settled principle that evidence of prior, uncharged crimes may not be introduced simply to demonstrate a defendant's propensity to commit the crime at issue *(see, People v Butts,* 177 AD2d 782, 783). Such evidence may be received when relevant to a material element of the crime charged; however, the probative value of such testimony must still be shown to outweigh its prejudicial effect *(see, People v Kocyla,* 167 AD2d 938, 939; *People v Taylor,* 141 AD2d 982, *lv denied* 72 NY2d 1050). Inasmuch as the victim herself testified to forcible compulsion and defendant's alleged physical abuse of her in the past was not an essential link in the chain of evidence necessary to prove any of the crimes with which defendant was charged, County Court's failure to hold a *Ventimiglia* hearing prior to admitting evidence of defendant's uncharged crimes and to give the jury any limiting instructions with respect thereto was error; the risk that the jury could have improperly relied on these uncharged crimes as

evidence that defendant committed the charges giving rise to defendant's trial is manifest. Because this case turns heavily on issues of credibility, and further in view of the fact that defendant was acquitted on two of the four counts, a clear indication that the jury did not completely accept the victim's account of the incident, we cannot say that this error was harmless.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Fulton County for a new trial.