■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY ROSS, Appellant. [602 NYS2d 919] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 12, 1990, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On direct examination, the defendant attempted to testify as to what certain third parties had told him about specific

acts of violence by the victim. On appeal, the defendant contends that it was reversible error for the court to deny him the opportunity to present this evidence to the jury.

In *People v Miller* (39 NY2d 543), the Court of Appeals held that a defendant charged with homicide could introduce, in support of his claim of self-defense, evidence of prior acts of violence committed by the deceased of which the defendant had knowledge, provided that the acts sought to be established were reasonably related to the crime of which the defendant stood charged.

Here, the defendant failed to make an offer of proof to demonstrate the relevance of the excluded testimony *(see, People v Cotto,* 159 AD2d 385; *People v Billups,* 132 AD2d 612, 613). It is, therefore, impossible to determine from the record on appeal whether the specific acts of violence previously committed by the victim were reasonably related to the crime charged *(see, People v Miller, supra).* In any event, the defendant was permitted to testify about the victim's general reputation for violence and its effects. The defendant was also permitted to testify about prior altercations involving the victim which he had personally observed. Thus, the excluded testimony would have been merely cumulative *(see, People v Dupigney,* 156 AD2d 709; *People v Rivera,* 101 AD2d 981, 982, *affd* 65 NY2d 661). Moreover, the evidence presented by the defendant with respect to his claim of self-defense was so tenuous that there is no significant probability that the jury would have acquitted the defendant if the testimony had been allowed, and any error in excluding it was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Dupigney,* 156 AD2d 709, *supra; People v Reed,* 123 AD2d 454).

The defendant also contends that the trial court erred in failing to charge the jury that the defense of justification is available to an initial aggressor if he withdraws from the encounter and effectively communicates such withdrawal to the other person, but the latter persists in continuing the incident by the use or threatened imminent use of unlawful physical force.

Viewing the evidence in the light most favorable to the defendant *(see, People v Reynoso,* 73 NY2d 816, 818), no reasonable view of the evidence establishes that the defendant withdrew from the encounter, although he could have done so in complete safety. Rather, the evidence establishes that the defendant was the initial aggressor and, with a gun pointed at his unarmed victim, he was in complete control throughout the situation *(see, People v Casado,* 177 AD2d 497).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or do not warrant reversal. Mangano, P. J., Balletta, Rosenblatt and Ritter, JJ., concur.