■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BRUNER, Appellant. [634 NYS2d 862] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 5, 1994, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was charged in a two-count indictment with attempted murder in the second degree and assault in the first

degree (*see*, Penal Law § 120.10 [1]) for allegedly stabbing Laura Brookshire several times in the chest on May 4, 1993 on North Swan Street in the City of Albany. Following a trial, defendant was found not guilty of both counts as charged but was convicted of the lesser included offense of assault in the second degree on the first degree assault count (*see*, Penal Law § 120.05 [2]). Defendant was sentenced to 2$^1$/$_3$ to 7 years' imprisonment.

On this appeal defendant contends that County Court committed reversible error in excluding as hearsay a statement allegedly made by the victim during a prior altercation between defendant and Brookshire which defendant attempted to have admitted to support a justification defense. The statement was offered to prove Brookshire's potential to be an aggressor in this type of act and to show that defendant had reason to fear her. We agree that the statement was admissible as an out-of-court statement to show the state of mind of defendant and Brookshire, and was not offered for its truth and as such did not fall within the hearsay exclusionary rule (*see*, *People v Loria*, 190 AD2d 1006). However, although the statement was erroneously excluded from evidence, in view of the overwhelming evidence of defendant's guilt including the victim's testimony, defendant's confession and his testimony at trial admitting the stabbing, and as there was no significant probability in this case that the jury would have acquitted defendant had it not been for the erroneous exclusion (*see*, *People v Johnson*, 57 NY2d 969, 970; *People v Crimmins*, 36 NY2d 230, 242), we deem the error harmless. As to defendant's claim that the exclusion prevented him from substantiating his defense of justification, we find that the testimony was merely cumulative as to that issue in view of the other evidence of justification and, thus, harmless (*see*, *People v Felton*, 133 AD2d 232, *lv denied* 70 NY2d 874; *People v Rivera*, 101 AD2d 981, 982, *affd* 65 NY2d 661).

Defendant next urges that County Court erred in denying his request to charge the jury that the offense of reckless endangerment in the second degree (*see*, Penal Law § 120.20) was a lesser included offense of assault in the second degree (*see*, Penal Law § 120.05 [4]). We conclude that County Court properly refused to charge down as requested. There is no reasonable view of the evidence to support a finding that defendant committed reckless endangerment in the second degree but not assault in the second degree (*see*, *People v Glover*, 57 NY2d 61, 63). In stabbing Brookshire, defendant actually caused serious physical injury to her, not just a risk of such injury. The jury could not separate the risk from the completed act on the facts presented.

Likewise, County Court properly refused to charge down to attempted assault in the second degree on a lesser included crime of attempted murder in the second degree as there is no reasonable view of the evidence that would support a finding that defendant committed attempted assault in the second degree but not attempted murder in the second degree (*see, People v Glover, supra,* at 63). Defendant's conduct was more than "conduct which tends to effect the commission of such crime" (Penal Law § 110.00).

Defendant's claim that the evidence did not establish his guilt beyond a reasonable doubt is also without merit (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Contes,* 60 NY2d 620, 621).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.