■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN ROEDEL, Appellant. [660 NYS2d 97] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered April 1, 1994, upon a verdict convicting defendant of the crimes of murder in the second degree and grand larceny in the fourth degree.

On September 17, 1992, Casey Stewart and defendant, both 16 years of age at the time, caused the death of their foster father by bludgeoning him with fireplace implements and then slashing his throat with a kitchen knife. Defendant was indicted for, *inter alia*, murder in the second degree and grand larceny. At trial, defendant pursued the defenses of justification (Penal Law § 35.15) and extreme emotional disturbance (Penal Law § 125.25 [1] [a]), each predicated upon the theory that the victim was a pedophile, that he had made unwanted homosexual advances toward defendant and had in fact subjected him to sexual contact and that defendant had threatened to expose the victim as a pedophile and a homosexual to representatives of the Division for Youth.

In connection with those defenses, defendant made a pretrial application for a ruling on the admissibility of evidence of a number of homosexual pornographic films, books and magazines and, at issue on this appeal, rubber sexual implements that were found in the victim's home during the police investigation of the crimes. Following a hearing pursuant to CPL 60.43, County Court ruled (as relevant here) that the "rubber items" would be deemed "relevant and admissible in the interests of justice" (CPL 60.43) if, and only if, defendant testified at trial that he had threatened to expose the victim as a pedophile and a homosexual, that defendant observed the victim "using" the particular items and that the victim from late 1991 through September 17, 1992 "engaged in repeated and multiple acts of sexual abuse and contact with [defendant]". During the course of the trial, County Court determined that defendant had satisfied those requirements with regard to all of the items but two, a banana shaped vibrator and an Expando hand-held "butt plug", which were therefore denied

admission into evidence. Convicted after trial of murder in the second degree and grand larceny in the fourth degree and sentenced to prison terms aggregating 25 years to life, defendant now appeals, contending only that County Court's refusal to receive this "crucial" evidence deprived him of a fair trial. We are not at all persuaded and accordingly affirm.

First, although we question whether the legislative "presumption of irrelevance" (CPL 60.43; *see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.43, at 15) would have been overcome even if defendant had satisfied County Court's admission criteria, the simple fact is that with regard to these two particular items, defendant failed to fulfill even the very lax prerequisites established by County Court. Notably absent from the record is any evidence that defendant ever witnessed the victim "using" these two sexual implements, as required by County Court. Specifically, defendant testified that he saw the victim with the vibrator for a period of approximately two to five minutes during the summer of 1992. At that time, the victim merely held the object, which was not obviously sexual in nature, and rubbed it across his lips. Similarly, defendant saw the "butt plug" but once, for five or 10 minutes in January 1992. Giving no indication of the device's purpose or the nature in which it is intended to function, he merely testified that on that occasion the victim, who was clad in boxer shorts and socks, "was trying to wrap it around him[self]". In fact, defendant apparently shares our ignorance concerning the intended use of this device because he testified that he asked the victim what it was and was told that it was none of his business.

Second, in view of the fact that County Court admitted into evidence a number of sexually explicit movies, books and magazines and two sexual implements that were far more obvious in their function than those at issue here, we are at a loss as to how the admission of these items could have benefited defendant. To the contrary, the evidence would have been cumulative at best and its exclusion could not possibly have contributed to defendant's conviction (*see, People v Fields,* 76 NY2d 761, 763; *People v Basora,* 75 NY2d 992, 994; *People v Rivera,* 101 AD2d 981, 982, *affd* 65 NY2d 661).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.