■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS X. STRASSER, Appellant. [671 NYS2d 873] —Carpinello, J. Appeal from a judgment of the County Court of Tioga County (Squeglia, J.), rendered April 25, 1997, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

It is undisputed that defendant fatally shot his son-in-law, Christopher Allen, on April 20, 1996. The shooting occurred following a regularly scheduled supervised and uneventful visitation between Allen and his infant son at defendant's home. Defendant's version of the events, as recounted in an oral statement to police shortly after the incident, was that a verbal confrontation ensued between the two men concerning Allen's imminent divorce from defendant's daughter and defendant's allegations that Allen engaged in various larcenous criminal conduct.

During the dispute, Allen went to his car and procured a knife. Defendant, in turn, went into a barn on the property and retrieved a 20-gauge shotgun which he had placed there earlier that morning in anticipation of a confrontation with Allen. Allen allegedly threatened to kill defendant, his wife and their daughter and continued to advance toward him with the knife despite repeated protestations that he stop. Defendant then shot Allen twice with the shotgun.

Defendant was indicted on two counts of murder in the second degree (see, Penal Law § 125.25 [1] [intentional murder], [2] [depraved indifference murder]). Following a jury trial at which defendant asserted that his conduct was justified by self-defense, he was convicted of manslaughter in the first degree. Sentenced to an indeterminate prison term of 6 to 12 years, defendant appeals.

Defendant first contends that County Court erred in permitting jurors, over defense counsel's objection, to take notes during the trial and the court's instructions. Of specific concern to defendant is the fact that the jurors took notes during one of the court's numerous supplemental instructions. At the request of the jury, the court reread the second count of the indictment (depraved indifference murder) and gave supplemental instructions on this charge, as well as on manslaughter in the first and second degrees. At this time, defense counsel renewed his objection to jury note taking.[1] County Court, at defense counsel's request, thereafter gave its third precautionary instruction to the jury on this issue. The court explained to the jurors that they needed to come to a common understanding of the law and that no one juror's notes took precedence over another's notes. The court further instructed that if the jury had any questions about the law, it should ask the court.[2]

On appeal, defendant equates the jurors' note taking during this one supplemental charge with providing them a written copy of a statute or partial written charge without the consent of defendant, in violation of CPL 310.30 and controlling case law. We begin our analysis by noting the well-established rule that County Court has the discretion in deciding whether to allow jurors to take notes during a trial (e.g., People v Hues, 244 AD2d 713, 715; People v Dexheimer, 214 AD2d 898, 902, lv denied 86 NY2d 872). If a court does permit jurors to take

---

1. During the colloquy on this issue, County Court noted that "almost all of the jurors, if not all of them, are taking notes" and that they were doing so during prior supplemental instructions.

2. Notably, in response to this instruction, one juror responded, "[t]hat's why we keep coming back".

notes, it is required to give cautionary instructions (*see, id.*). Several factors compel the conclusion that County Court did not abuse its discretion in permitting the jurors to take notes, even during the court's supplemental instructions.

First, all jurors were permitted to take notes during the entire trial and their option to *continue* note taking during the original charge and the supplemental charges requested by the jury was not precipitated by any suggestion of County Court. Thus, we discern no undue emphasis on any matter by County Court nor any undue influence on the jury by the physical presence of certain *limited* notes in the jury room (*see, People v Tucker*, 77 NY2d 861; *cf., People v Owens*, 69 NY2d 585; *People v Anderson*, 151 AD2d 335; *People v DiLuca*, 85 AD2d 439). Moreover, the jury was given appropriate cautionary instructions on three separate occasions concerning note taking and the use of such notes during deliberations (*cf., People v Sundquist*, 175 AD2d 319; *People v Morales*, 159 AD2d 86; *People v DiLuca, supra*).

Defendant next contends that County Court erred in its *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371) by permitting the People to impeach defendant concerning a January 1993 Utah petit larceny conviction and a January 1994 New York petit larceny conviction. Acts of individual dishonesty, such as offenses involving theft, are materially relevant to a defendant's credibility (*see, e.g., People v Rivera*, 101 AD2d 981, 982, *affd* 65 NY2d 661). Although the Utah conviction was expunged five months after the shooting pursuant to a Utah statute which permits expungement of convictions so long as certain eligibility conditions are met (*see*, Utah Code Ann §§ 77-18-11, 77-18-12), we nevertheless find that County Court did not abuse its sound discretion in permitting defendant to be impeached on it (*see, People v Gray*, 84 NY2d 709).

While it is obviously the prerogative of other States to enact statutes permitting the expungement of convictions, we note that this State has never enacted a comparable expungement statute under our Criminal Procedure Law and we discern no basis to set down a per se rule that an expunged out-of-State conviction can never be used to impeach a defendant during a criminal trial in this State. The expungement of defendant's conviction was not proven to constitute a dismissal of that charge on the merits, nor does it alter the fact that a criminal act was perpetrated by him (*see generally, People v Intelisano*, 188 AD2d 881; *People v Rivera*, 101 AD2d 981, *supra*; *People v Rivera*, 100 AD2d 914, 915; *People v Alberti*, 77 AD2d 602, *cert denied* 449 US 1018). Where a defendant's expunged criminal

conviction in a jurisdiction outside this State becomes the subject of a *Sandoval* hearing, the trial court should simply undertake a traditional *Sandoval* analysis in determining whether to permit inquiry into same (*see, People v Sandoval, supra,* at 376-377).

Here, the record does not indicate when defendant petitioned for expungement in Utah nor the basis upon which the application was made. Moreover, the record does not reflect if either the prosecuting attorney or the Utah Circuit Court was aware that prior to the September 16, 1996 order granting the expungement and during his two-year probationary period, defendant was again convicted of petit larceny (*see,* Utah Code Ann § 77-18-12 [1] [e]; [2]). Nor does the record reflect if either the prosecuting attorney or the Utah Circuit Court was aware of the charges against defendant at issue in this case. Under these circumstances, because this prior conviction bears logically on defendant's credibility and reveals his willingness to place his interest over that of society, we discern no abuse of discretion (*see, People v Gray,* 84 NY2d 709, 712, *supra*).

We further reject defendant's contentions that County Court made numerous errors in its instructions to the jury. County Court's charge concerning the jury's assessment of defendant's oral statements to police was consistent with the principles espoused in *People v Dlugash* (41 NY2d 725, 736) and the pattern jury instructions (*see,* 1 CJI [NY] 11.01). Moreover, we are unpersuaded, upon our review of the charge, that the court mischaracterized defendant as an interested witness or improperly drew the jury's attention to his decision not to testify.

Finally, viewing the evidence in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that legally sufficient evidence was presented to establish defendant's guilt beyond a reasonable doubt of manslaughter in the first degree. Likewise, upon the exercise of our factual review power, we are satisfied that the jury's verdict is not against the weight of the evidence (*see,* CPL 470.15 [5]; *see also, People v Bleakley,* 69 NY2d 490, 495). In short, there was sufficient evidence in the record to rebut defendant's claim of self-defense. First, the jury heard that Allen was killed with a loaded shotgun defendant had placed in the barn on the morning of the shooting in anticipation of a confrontation with Allen that day. Moreover, forensic evidence presented by the People indicated that Allen, while holding a pack of cigarettes and either smoking or carrying a lit cigarette, was shot from a distance of at least seven feet while turning away from defendant.

We have reviewed defendant's remaining contentions and none warrants reversal of his conviction.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tioga County for further proceedings pursuant to CPL 460.50 (5).