■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON ARNOLD, Appellant. [708 NYS2d 762] —Judgment reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges under counts two and five of the indictment to another Grand Jury. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of the lesser included offenses of assault in the second degree (Penal Law § 120.05) and assault in the third degree (Penal Law § 120.00) under counts two and five of the indictment respectively in connection with the stabbing of his ex-girlfriend. We agree with defendant that County Court erred in failing to grant his challenge for cause to a prospective juror. Defendant used a peremptory challenge to excuse the prospective juror, and his peremptory challenges were exhausted prior to the conclusion of jury selection. Thus, defendant may assert on appeal that the denial of his challenge for cause constitutes reversible error (*see,* CPL 270.20 [2]; *People v Torpey,* 63 NY2d 361, 365, *rearg denied* 64 NY2d 885).

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if he or she "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." "Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that the prior state of mind of the juror will not influence his or her verdict and that the juror will render an impartial verdict based solely on the evidence" (*People v Barber,* 269 AD2d 758, 760; *see, People v Johnson,* 94 NY2d 600; *People v Blyden,* 55 NY2d 73, 77-78; *People v Biondo,* 41 NY2d 483,

485, *cert denied* 434 US 928; *People v Thorn*, 269 AD2d 756). In the present case, when the prosecutor posed the question whether anyone thought he or she should not be selected as a juror because of his or her personal background, experience or beliefs, the prospective juror stated, "In my women's studies—I did a lot of research on domestic violence and battered syndrome, and I have a problem with that." Upon questioning by defense counsel, the prospective juror indicated that she may have a problem refraining from voicing during deliberations what she had learned through her women's studies research. Once the prospective juror expressed doubt regarding her ability to be impartial or indicated that she might be an unsworn expert witness in the jury room, it was incumbent upon the court to ascertain that her prior state of mind would not influence her verdict and that she would render an impartial verdict based on the evidence (*see, People v Blyden, supra*, at 77-78). Because that was not done, we reverse the judgment (*see, People v Johnson, supra*, at 612; *People v Blyden, supra*, at 78-79; *People v Burdo*, 256 AD2d 737, 740-741; *People v Brzezicki*, 249 AD2d 917, 918-919). Inasmuch as defendant was acquitted of all counts charged in the indictment and was convicted of lesser included offenses under counts two and five of the indictment, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges under those counts to another Grand Jury (*see, People v Gonzalez*, 61 NY2d 633, 635; *People v Jackson*, 167 AD2d 893, 894). We disagree with the conclusion of the dissent that the later general acknowledgment by all prospective jurors that they would follow the law established the impartiality of the prospective juror in question (*see, People v Blyden, supra*, at 78).

In view of our determination, we do not address defendant's remaining contentions.

All concur except Hayes and Kehoe, JJ., who dissent and vote to affirm in the following Memorandum.

Hayes and Kehoe, JJ. (dissenting). We respectfully dissent and would affirm the judgment. In our view, County Court did not err in denying defendant's challenge for cause to a prospective juror who stated that she "had a problem" with domestic violence issues and indicated that she would be more comfortable hearing a different case. That prospective juror, along with the other prospective jurors, also indicated that she would base her decision on the evidence alone and that she would follow the law as instructed by the court. In our view, no issue was raised concerning the ability of that prospective juror to be

fair and impartial; she did not indicate a predisposition to rule a certain way. Upon our review of the voir dire transcript, we conclude that the prospective juror did not evince a state of mind that would likely preclude her from rendering an impartial verdict based upon the evidence adduced at trial (*see,* CPL 270.20 [1] [b]; *cf., People v Johnson,* 94 NY2d 600; *People v Torpey,* 63 NY2d 361, 366-367, *rearg denied* 64 NY2d 885).

We also reject the contention of defendant that the court improperly curtailed his testimony establishing a justification defense. Defendant was allowed to testify concerning his state of mind during the attack, and any further testimony on the issue would have been cumulative (*see, People v Rivera,* 101 AD2d 981, 981-982, *affd* 65 NY2d 661; *People v Bruner,* 222 AD2d 738, 739, *lv denied* 88 NY2d 981). We also reject the contention of defendant that he was not permitted to cross-examine the victim concerning her prior acts of violence (*see, People v Miller,* 39 NY2d 543, 551-552). Defendant was permitted to cross-examine the victim concerning her prior acts of assault and whether she was carrying a razor knife on the day that defendant stabbed her. Any error by the court in refusing to permit defendant to ask the victim whether she used to carry a "little razor knife" is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would otherwise have acquitted defendant (*see, People v Crimmins,* 36 NY2d 230, 242; *People v Ross,* 197 AD2d 713, 714, *lv denied* 82 NY2d 902). (Appeal from Judgment of Monroe County Court, Maloy, J.—Assault, 2nd Degree.) Present—Green, J. P., Hayes, Wisner, Hurlbutt and Kehoe, JJ.