■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MACEO WILKINSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 7, 1972, convicting him of robbery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Since appellant has not raised any question as to the facts, the jury's implicit findings of fact have not been considered. In our opinion, appellant did not receive a fair trial. He did not take the stand to testify. During the testimony of a codefendant, the following questions were asked by the prosecution, to which appellant's counsel made the following objection and motion: "Isn't it a fact * * * that * * * four days after this incident * * * you were back at American Airlines area * * * and you *and him* (pointing to * * * [appellant]) and another * * * saw a man driving an Eldorado Cadillac and you followed him in your car and when he got to his home you forced him back — MR. ;BRETT [appellant's counsel]: If Your Honor please — MR. McKEON [the assistant district attorney]: You forced him back into his car and you personally pistol whipped him and you brought him, *with that one* and another one, back to the airport and you forced him out of his car and you took his ring and you took his wallet and you took his car and you, *under their instructions shot him dead?* * * * A. No, sir. MR. BRETT: Objection. * * * MR. BRETT: I respectfully move for the withdrawal of a juror." This line of questioning by the prosecution was inexcusable. It is axiomatic that the prosecution may not attempt to prove a defendant's bad character unless the latter has introduced evidence of his good character. When such evidence is admissible, it should be of general reputation and not of particular acts by which reputation is shown (see *People* v. *Sharp*, 107 N. Y. 427, 457). Appellant was subjected to extreme prejudice by the effort of the prosecutor to show that he was guilty of murder in an unrelated incident. This error was compounded when the jury was instructed that nothing the defendants may have done at other times should be considered, save as to their credibility. This instruction tended to confirm that appellant had committed such a crime and allowed the jury to view it as affecting appellant's credibility, despite the fact that his credibility was not in issue (see *People* v. *Johnson*, 38 A D 2d 744). We note that the evidence adduced at the suppression hearing was insufficient to permit a finding as to whether appellant had standing to object to the warrantless search of an automobile. The search was improper if appellant retained a possessory interest in the vehicle, as the search was not made incidental to a lawful arrest; nor were there present exigent circumstances to justify the search (see *Coolidge* v. *New Hampshire*, 403 U. S. 443, 461–462). The evidence was unclear as to whether, at the time of the search, appellant's possessory interest in the vehicle had passed to GMAC. As appellant was not in the car at the time of the contested search and seizure and was not charged with an offense that included, as an essential element thereof, possession of the seized evidence at the time of the contested search, he would have standing to contest the seizure only if he had a proprietary or possessory interest in the car (see *Brown* v. *United States*, 411 U. S. 223, 229). Hopkins, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.