■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE RICHARDSON, Also Known as WILLIAM RICHARDSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 17, 1974, convicting him of rape in the first degree, after a nonjury trial, and imposing sentence. Judgment affirmed. Assuming, *arguendo,* that cross-examination of appellant as to a contemporaneous rape charge, which had been previously dismissed for lack of corroboration, was error, we find it to have been harmless in the light of the fact that this was a nonjury trial. Further, the evidence of guilt was virtually overwhelming (see *People v Crimmins,* 36 NY2d 230). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 29, 1975, upon resentence, convicting him of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment modified, on the facts, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, and the sentence imposed thereon, and the count upon which said conviction was based is dismissed. As so modified, judgment affirmed. The defendant-appellant was convicted, *inter alia,* of violating section 220.03 of the Penal Law, which provides that "A person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance." Two essential elements of this crime are that the possession be knowing and unlawful. Absent some evidence of an applicable exception consistent with lawful possession, there is a statutory presumption that possession of a controlled substance is unlawful. At the trial two vials containing a controlled substance were introduced into evidence against the defendant. Both vials were marked "Methadone Maintenance Control Substance Dangerous Drug, Flatbush Brooklyn Medical". Affixed to the bottles were the requisite labels bearing the defendant's name. In addition, a pink card which identified the defendant as a patient in a methadone maintenance program was introduced into evidence. The pink card was from "Flatbush Medical Associates". The above circumstantial evidence was sufficient to satisfy the defendant's burden of coming forward with proof of an exception which would allow the lawful possession of a controlled substance. This adequately rebutted the statutory presumption of unlawfulness and necessarily required that the element of unlawfulness be proved by the People beyond a reasonable doubt without resort to the presumption. The evidence did not controvert the possibility that the defendant was a patient entitled to possess methadone; unlawful possession was therefore not proved beyond a reasonable doubt. As to the sale conviction, although prejudiced by the use of evidence from what may have been an illegal search and seizure of another person, the defendant is not an aggrieved person and therefore had no standing to move to suppress evidence obtained from that search and seizure (see *Brown v United States,* 411 US 223). Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.