■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DWYER, Also Known as SKIP, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered March 7, 1980, convicting him of petit larceny, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence. Judgment affirmed. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). The offenses defendant was charged with emanate from his involvement in a scheme to illegally tap into a fuel line maintained by Northville Industries Corporation in Lake Ronkonkoma, and to sell gasoline and fuel oil, stolen from Northville's pipes, on a retail basis to customers in Suffolk County. In furtherance of this plan, the real property at 248 Maplecrest Drive, Lake Ronkonkoma, was leased from one James Kolb for the purpose of loading the petroleum products onto a truck for delivery to prospective customers. Living on the premises were codefendants Andrea Celli and George Vester. The defendant's role was to solicit customers for the illegally obtained petroleum products for a period spanning from September, 1977 to June 1978. On January 8, 1980 the defendant entered a plea of guilty to the crime of petit larceny in satisfaction of an indictment, charging him with conspiracy in the third degree, grand larceny in the second degree and criminal mischief in the second degree. On appeal he seeks to controvert the validity of a search warrant issued by the First District Court of the County of Suffolk and suppress the evidence seized pursuant to it. Without ruling on the status of the doctrine of automatic standing, explicitly overruled in *United States v Salvucci* (448 US 83), in this State, it is clear that the doctrine would have no application under the facts of this case. The defendant was not charged with an offense that included, as an essential element, possession of the evidence seized at the time of the contested search. As such, the doctrine of automatic standing would have no application (see *People v Wilkinson*, 43 AD2d 565; *People v Rodriguez*, 58 AD2d 612). Furthermore, the defendant lacked standing to contest the allegedly improper search warrant, since he failed to establish a legitimate expectation of privacy or a proprietary interest in either the premises searched or the goods seized (see *Brown v United States*, 411 US 223; *Rakas v Illinois*, 439 US 128). Defendant's other contentions have been considered and are found to be without merit. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.