■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. WEBSTER, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of murder, attempted murder, and weapon possession as a result of his firing a shotgun at an

intended victim and instead fatally wounding an 11-year-old girl standing nearby. On appeal, defendant contends that the court erred in denying his challenge of a juror for cause. We agree.

When a question is raised regarding a prospective juror's ability to render an impartial verdict, the court must conduct an inquiry to determine whether "there is a substantial risk that such predispositions will affect the ability of the particular juror to discharge his responsibilities" *(People v Williams,* 63 NY2d 882, 885; *see also, People v Torpey,* 63 NY2d 361, 367, *rearg denied* 64 NY2d 885). Before the juror may be seated, "the prospective juror in unequivocal terms 'must expressly state that his prior state of mind concerning either the case or either of the parties will not influence his verdict, and he must also state that he will render an impartial verdict based solely on the evidence' " *(People v Blyden,* 55 NY2d 73, 78, quoting *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928). "Furthermore, in considering whether such statements are unequivocal, the juror's testimony should be taken as a whole. 'It is not enough to be able to point to detached language which, alone considered, would seem to meet' the oath's requirements" *(People v Blyden, supra,* at 78, quoting *People v McQuade,* 110 NY 284, 301). In other words, "that the prospective juror once made the 'proper' declarations does not necessarily mean that he has 'purged' the bias" *(People v Torpey, supra,* at 368, citing *People v McQuade, supra,* at 301). "In conclusion, it is essential that all elements of the required statements be voiced, and that they be voiced with conviction. The mere words themselves, however, have no talismanic power to convert a biased juror into an impartial one, although they do nonetheless provide a minimum level of protection. They must be taken in context. A hollow incantation, made without assurance or certitude, is not enough. Where there remains any doubt in the wake of such statements, when considered in the context of the juror's over-all responses, the prospective juror should be discharged for cause. The costs to society and the criminal justice system of discharging the juror are comparatively slight, while the costs in fairness to the defendant and the general perception of fairness of not discharging such a juror are great. As this court stated in *People v Branch* (46 NY2d 645, 651-652, *supra),* 'the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. It is precisely for this reason that so many veniremen are made available

for jury service.' Even if, through such caution, the court errs and removes an impartial juror, 'the worst the court will have done * * * is to have replaced one impartial juror with another impartial juror' *(People v Culhane,* 33 NY2d 90, 108, n 3, *supra)." (People v Blyden, supra,* at 78.)

In this case, the prospective juror's strong attitude about gun control, and her feelings about the senseless, "unnecessary" killing of a child, raised questions about her ability to render an impartial verdict. Despite persistent questioning whether her feelings would influence her verdict, the juror never unequivocally stated, "with conviction" *(People v Blyden, supra,* at 78), that her bias would not influence her verdict or that she could render an impartial verdict on the evidence presented. At various points during the colloquy, the prospective juror merely responded that she "thought" or "hoped" that she could put her attitudes aside, and that she "would try" to do so. Those answers fell short of express and unequivocal declarations. In the overall context of this juror's voir dire, those "responses can be considered nothing other than equivocal and uncertain" *(People v Blyden, supra,* at 79).

Given the insufficiency of the juror's declarations, the court erred in denying defendant's challenge for cause. We therefore reverse the judgment and grant a new trial. In view of our determination, it is unnecessary to consider defendant's remaining contentions. (Appeal from Judgment of Erie County Court, La Mendola, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.