■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKE PUNCH, Appellant. [626 NYS2d 246] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered June 29, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant's sole contention on appeal is that the trial court improperly denied the defendant's challenge for cause of a prospective juror. The prospective juror stated that he believed a police officer would not "exaggerate in a police report", would "always" tell the truth "on [the] job", and would not "jeopardize his job" or his pension by lying. The trial court acknowledged that the prospective juror could not believe a police officer "was lying and jeopardizing his job", but denied the challenge, because the prospective juror did not say that a police officer could not be "mistaken". The trial court did not ask the juror to state in unequivocal terms that

he would render an impartial verdict based solely on the evidence, and that his prior state of mind would not affect the verdict (see, People v Blyden, 55 NY2d 73, 78). The defense then exercised a peremptory challenge against that juror, and exhausted all peremptory challenges before all the jurors who ultimately sat on the case were selected.

The prospective juror's statement that he believed a police officer would not exaggerate, would "always" tell the truth "on [the] job", and would not "jeopardize his job" or his pension by lying, established prima facie that he had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see, People v Taylor, 120 AD2d 325, 326). Since he did not state in unequivocal terms that he could render an impartial verdict based on the evidence, the judgment appealed from must be reversed and a new trial ordered (cf., People v Barber, 96 AD2d 1112). Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.