■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALTON, Appellant. [632 NYS2d 131] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered May 19, 1993, by which defendant was convicted, after a jury trial, of robbery in the first and second degrees, grand larceny in the fourth degree and criminal possession of a weapon in the second and third degrees, and sentenced, as a second felony offender, to concurrent terms of 10 to 20 years, 7$^{1}$/$_{2}$ to 15 years, 2 to 4 years, 7$^{1}$/$_{2}$ to 15 years, and 2$^{1}$/$_{2}$ to 5 years, respectively, unanimously reversed, on the law and the facts, and the matter is remanded for a new trial.

Defendant and another man were arrested and indicted for the gunpoint robbery of a cab driver. During voir dire, one of the prospective jurors related that his mother had been the victim of a holdup and that the police officers handling the matter attempted to persuade the juror and his mother not to prosecute the perpetrator. Initially the prospective juror indicated, in response to the prosecutor's inquiry, that he could

be impartial. However, in response to the defense attorney's questioning, the prospective juror stated that he had been somewhat "soured" to the system by the incident. When asked if the incident could affect his ability to be fair in the case, the juror stated: "It may. I don't know. I really I have to be honest. It could."

Defense counsel challenged this prospective juror for cause and the prosecutor opposed, arguing that any bias reflected in the juror's statements "did not bear directly on the defendant" and that the prospective juror stated that "his dissatisfaction was with the police officers". The trial court denied the defense attorney's challenge for cause, whereupon counsel used a peremptory challenge to strike the juror. Ultimately, counsel exhausted all 15 peremptory challenges allotted to the defense.

At sentencing, defense counsel relied, *inter alia*, upon the trial court's denial of the challenge for cause of the prospective juror in question in his motion to set aside the verdict. The record reflects that in denying the defense motion, the trial court incorrectly recalled that defense counsel had not exercised all peremptory challenges and concluded that the denial of the challenge for cause had no prejudicial affect.

CPL 270.20 (1) (b) authorizes a challenge for cause where the prospective juror "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial". "This provision reflects the long-standing recognition of 'the fundamental rule that an accused person is entitled to be tried by a fair impartial jury' " (*People v Blyden*, 55 NY2d 73, 76, quoting *People v McQuade*, 110 NY 284, 300). When a question has been raised regarding a prospective juror's ability to render an impartial verdict, it is necessary that the prospective juror express in unequivocal terms that his prior state of mind concerning either the case or either of the parties will not influence his or her verdict and the juror must also state that he or she will render an impartial verdict based solely on the evidence (*People v Blyden, supra,* at 78, citing *People v Biondo*, 41 NY2d 483, 485). It has been stated that "it is essential that all elements of the required statements be voiced, and that they be voiced with conviction" (*supra,* at 78).

In this case the challenged juror clearly expressed that a prior experience, which had "soured" him on the criminal justice system, could have an effect upon his ability to render an impartial verdict. The juror's description of the prior experience demonstrated his dissatisfaction with what he perceived as the leniency shown to the perpetrators he encountered in

the past. Thus, the bias shown was specific and not merely a generalized negative view of the system. At no time did the prospective juror make the unequivocal statement required to overcome such an expression of bias. Therefore, we conclude that, since the trial court improperly denied defense counsel's challenge for cause of this prospective juror, and defense counsel peremptorily challenged the prospective juror and thereafter exhausted all of the allotted peremptory challenges prior to the completion of jury selection, reversible error occurred and a new trial is required (CPL 270.20 [2]). It has been stated numerous times by the Court of Appeals that "it is 'almost always wise * * * to err on the side of disqualification' since 'the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror' [citations omitted]" (*People v Torpey*, 63 NY2d 361, 369).

In view of our conclusion that the failure to grant the defense challenge for cause constitutes reversible error, we need not reach the other issues raised by the defendant on this appeal. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.