■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE CURRY, Appellant. [649 NYS2d 861] —Judgment unanimously affirmed. Memorandum: Defendant contends that his right to be present at all material stages of trial was violated when, in his absence, the court conducted sidebar questioning

of prospective jurors regarding their backgrounds and ability to weigh the evidence objectively. We disagree. The record establishes that defendant knowingly, voluntarily and intelligently waived his right to be present at those conferences (*see, People v Dennis*, 206 AD2d 843, *lv denied* 84 NY2d 867).

Defendant further contends that County Court's justification charge was erroneous because the court refused to charge that defendant had no duty to retreat if he "was in a dwelling and was invited into that dwelling". Because the record establishes that defendant was not in his dwelling at the time of the assault, the court properly denied the requested charge (*see,* Penal Law § 35.15 [2] [a] [i]; *People v Berk*, 88 NY2d 257, 267). Defendant's remaining contentions concerning the propriety of the justification charge have not been preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Erie County Court, Perla, J.—Attempted Murder, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.