■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRZEZICKI, Appellant. [672 NYS2d 225] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Supreme Court did not abuse its discretion in denying defendant's challenge for cause of a prospective juror who, in response to a question by the prosecutor, expressed his belief that defendant was required to prove his innocence. CPL 270.20 (1) (b) provides that a prospective juror may be chal-

lenged for cause if he "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial". Here, the prospective juror's statement that defendant was required to prove his innocence was made before the prospective juror was instructed on the law. The record reflects that, although the prospective juror initially misapprehended the law, he later nodded his head in agreement when defense counsel asked whether the panel understood that defendant was presumed innocent and that the People had the burden of proof. Thus, his disqualification was not necessary (*see, People v Lee*, 193 AD2d 759, *lv denied* 82 NY2d 721; *People v Smyers*, 167 AD2d 773, 774, *lv denied* 77 NY2d 967). "[T]he mere existence of any preconceived notion as to guilt or innocence is insufficient to rebut the presumption of impartiality [citation omitted]. Only when it is shown that there is a substantial risk that the predisposition will affect the juror's ability to discharge her responsibilities is disqualification appropriate" (*People v Butts*, 140 AD2d 739, 740).

Because the record indicates that another prospective juror was challenged peremptorily by the People, defendant was not prejudiced by any potential bias on his part. Defendant's contention that the prospective juror was excused on defendant's peremptory challenge is based upon facts outside the record and therefore is properly the subject of a motion brought under CPL 440.10 (*see, People v Robinson*, 221 AD2d 1029).

The court abused its discretion, however, in denying defendant's challenge for cause of a third prospective juror after she stated that, because defendant was charged with a crime and present in court, her ability to be impartial could "possibly" be affected. When advised by the court regarding defendant's presumption of innocence and asked if she could follow the court's charge thereon, she equivocally responded, "I will try" (*see generally, People v Blyden*, 55 NY2d 73, 76-78; *People v Walton*, 220 AD2d 286; *People v Birch*, 215 AD2d 573). Her statements indicated "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict" (CPL 270.20 [1] [b]; *see, People v Blyden, supra*, at 76-78; *see generally, People v Walton, supra*, at 287; *People v Birch, supra*, at 573; *People v Punch*, 215 AD2d 410). "When a question has been raised regarding a prospective juror's ability to render an impartial verdict, it is necessary that the prospective juror express in unequivocal terms that his [or her] prior state of mind concerning either the case or either of the parties will not influence his or her verdict and the juror must also state that

he or she will render an impartial verdict based solely on the evidence" (*People v Walton, supra,* at 287; *see, People v Blyden, supra,* at 77-78). It is essential that such statements "be voiced with conviction" (*People v Blyden, supra,* at 78).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Perjury, 1st Degree.) Present—Denman, P. J., Lawton, Pigott, Jr., Balio and Boehm, JJ.