■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ZACHARY, Appellant. [689 NYS2d 156] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered May 21, 1996, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant argues that the court committed reversible error by denying the defendant's challenges for cause of eight prospective jurors. We agree as to four prospective jurors and, accordingly, reverse.

During the voir dire, two prospective jurors, one a fiancée of a police officer, and another, a spouse of a police officer, although indicating that they could be fair and impartial, nevertheless stated that they did not believe police officers would lie. One of these prospective jurors answered affirmatively when asked if she felt she had an affinity to police officers. Two other prospective jurors, victims of crimes, indicated that it was possible that their feelings might impact their views of the case. In our view, these remarks by the prospective jurors indicated that each had a state of mind likely to preclude him or her "from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Torpey,* 63 NY2d 361). The trial court erred in refusing to dismiss these prospective jurors when they either did not unequivocally state that they would not be influenced by their feelings or did not exhibit a freedom from bias. "Where there remains any doubt in the wake of such statements, when considered in the context of the juror's over-all responses, the prospective juror should be discharged for cause" (*People v Blyden,* 55 NY2d 73, 78; *see, People v Light,* 260 AD2d 404; *People v White,* 260 AD2d 413). Because the defense counsel then exercised a peremptory challenge against each prospective juror, and eventually exhausted his allotment of peremptory challenges, the defendant's conviction must be reversed (*see, People v Torpey, supra; People v Hewitt,* 189 AD2d 781; *People v Maddox,* 175 AD2d 183). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.