■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN S. SHAUT, Appellant. [690 NYS2d 372] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree (Penal Law § 125.20 [1]) as a lesser included offense of intentional murder, and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant was sentenced to concurrent terms of incarceration of $12^{1}/_{2}$ to 25 years and $2^{1}/_{3}$ to 7 years.

Defendant has failed to preserve for our review his contention that County Court erred in failing to submit to the jury the question whether defendant was in "his dwelling" and thus under no duty to retreat (*see, People v Kopera*, 184 AD2d 1007, *lv denied* 80 NY2d 905). In any event, there is no reasonable view of the evidence that, at the time of the incident, the trailer was defendant's dwelling (*see, People v Curry*, 233 AD2d 879, 880, *lv denied* 89 NY2d 1010; *People v Van Allen*, 216 AD2d 39, 39-40, *lv denied* 86 NY2d 804; *cf., People v Berk*, 88 NY2d 257, 266-267, *cert denied* 519 US 859). By all accounts, defendant had moved out six weeks earlier, was no longer paying rent, had removed his "everyday" belongings, had entered into a written lease for an apartment in Bath, did not retain keys to the trailer, and was never permitted inside by his ex-girlfriend. In his written statement, defendant gave the Bath address as his residence.

Defendant likewise has not preserved for our review his contention that the court erred in giving a voluntariness instruction (*cf., People v Cefaro*, 23 NY2d 283, 288-289). Although defendant did not request the instruction, he did not ask that it not be given, nor did he object to it once it was given.

The court did not err in failing to charge manslaughter in the second degree and criminally negligent homicide as lesser included offenses of manslaughter in the first degree. There is no reasonable view of the evidence that defendant did not intend to cause serious physical injury to the victim (*see, People v Gordon*, 223 AD2d 372, *lv denied* 88 NY2d 936; *People v Figueroa*, 143 AD2d 767, *lv denied* 73 NY2d 855; *cf., People v Eagleston*, 194 AD2d 623; *People v Tatta*, 177 AD2d 674, *lv denied* 79 NY2d 923). There thus is no reasonable view of the evidence that defendant committed the lesser crimes but not the greater (*see, People v Cortez*, 184 AD2d 571, *lv denied* 80 NY2d 902; *People v Porter*, 161 AD2d 811, *lv denied* 76 NY2d 943; *People v Vargas*, 125 AD2d 512, *lv denied* 69 NY2d 887; *People v Weems*, 105 AD2d 763).

We have considered defendant's remaining contentions, including the challenge to the severity of the sentence and to

the special information procedure conducted by the court (*see,* CPL 200.60 [3]), and conclude that they are without merit (*see, People v Santiago,* 244 AD2d 263, *lv denied* 91 NY2d 879; *People v Reid,* 232 AD2d 173, 174, *lv denied* 90 NY2d 862). (Appeal from Judgment of Steuben County Court, Bradstreet, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Green, Pine and Balio, JJ.