■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JACKSON, Appellant. [697 NYS2d 288] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered July 29, 1997, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in denying the defendant's challenge for cause to a prospective juror. Where there is evidence that a prospective juror's state of mind is likely to preclude him or her from rendering an impartial verdict (*see,* CPL 270.20 [1] [b]), the prospective juror is required to state in unequivocal terms that he or she would be able to render a verdict based solely on the evidence adduced at trial (*see, People v Torpey,* 63 NY2d 361, 367; *People v Blyden,* 55 NY2d 73, 77-78). In evaluating whether the prospective juror has made an unequivocal declaration, the trial court must consider the prospective

juror's entire testimony (*see, People v Torpey, supra,* at 368; *People v Blyden, supra,* at 78). The prospective juror at issue, who had been a crime victim, could only declare that she "hope[d]" her experience would not affect her. Where there remains any doubt in the wake of such statements, when considered in the context of the prospective juror's overall responses, the prospective juror should be discharged for cause (*see, People v Zachary,* 260 AD2d 514; *People v Jordan,* 244 AD2d 360; *People v Blyden, supra,* at 78).

Since the defendant thereafter exhausted all of his peremptory challenges, the error mandates a new trial (*see, People v Molinari,* 252 AD2d 532).

In view of the foregoing, we need not reach the remaining issue. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.