■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL THOMAS THORN, Appellant. [704 NYS2d 402] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of criminal use of a firearm in the first degree (Penal Law § 265.09 [1], [2]) and assault in the second degree (Penal Law § 120.05 [1], [2]). Contrary to defendant's contentions, the verdict with respect to both counts of attempted murder is supported by legally sufficient evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant further contends that County Court erred in denying his challenges for cause to four prospective jurors. We agree that three of those jurors should have been excused. Defendant exercised peremptory challenges to excuse the prospective jurors in question and exhausted his peremptory challenges;

thus, the erroneous denial of the challenges for cause constitutes reversible error (*see,* CPL 270.20 [2]; *People v Sumpter,* 237 AD2d 389, 391, *lv denied* 90 NY2d 864).

Prospective juror D expressed a concern that her impartiality might be affected by the fact that her son was a police officer. Upon questioning by the court, the prospective juror testified that she "would hope" that she could be fair and impartial, and that she could "do her best" to do so. Prospective jurors H and T both expressed misgivings that they could impartially consider lesser included charges to that of murder in the case of a shooting. Prospective juror H testified that it would be "hard", but that he "would try" to follow the court's instruction. Defense counsel then asked, "You would try, but again you have never been in that situation?" Prospective juror H replied, "Exactly." Defense counsel asked, "And you hesitate that you could be fair?" Prospective juror H replied, "Yeah." Prospective juror T also acknowledged to defense counsel that he would "have a hard time" following the court's instruction on lesser included offenses. Neither prospective juror H nor prospective juror T was questioned further.

Where an issue concerning the ability of a prospective juror to be fair and impartial is raised, the prospective juror must state unequivocally that the juror's prior state of mind will not influence the juror's verdict, and that the juror will render an impartial verdict based solely on the evidence (*see, People v Blyden,* 55 NY2d 73, 77-78; *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928). Where the testimony of a prospective juror reveals uncertainty, the court must examine the juror's testimony as a whole (*see, People v Torpey,* 63 NY2d 361, 368, *rearg denied* 64 NY2d 885; *People v Blyden, supra,* at 78) and "should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve" (*People v Branch,* 46 NY2d 645, 651; *see, People v Torpey, supra,* at 369; *People v Blyden, supra,* at 78). "Equivocal, uncertain responses, including statements that a prospective juror will 'try' or 'hope' to be impartial, are insufficient in the absence of 'express and unequivocal' declarations that the juror will put any preconceptions aside and render an impartial verdict based solely on the evidence" (*People v Burdo,* 256 AD2d 737, 740; *see, People v Brzezicki,* 249 AD2d 917, 918-919; *People v Sumpter, supra,* at 390-391; *People v Webster,* 177 AD2d 1026, 1028, *lv denied* 79 NY2d 866). Here, none of the uncertain responses of the three prospective jurors concerning their impartiality was remedied by an unequivocal statement that the juror's prior state of

mind would not influence the juror's verdict, or that the juror would render an impartial verdict based solely on the evidence. We must therefore reverse the judgment and grant a new trial (*see, People v Blyden, supra,* at 77-78; *People v Burdo, supra,* at 740-741; *People v Brzezicki, supra,* at 918-919).

In view of our determination, we do not address defendant's remaining contentions. (Appeal from Judgment of Seneca County Court, Bender, J.—Murder, 2nd Degree.) Present— Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.