that it is supported by substantial evidence. Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BRAXTON, Appellant. [716 NYS2d 44] —Judgment, Supreme Court, New York County (Renee White, J.), rendered April 20, 1998, convicting defendant, after a jury trial, of four counts of criminal possession of stolen property in the fourth degree, and sentencing him to concurrent indeterminate prison terms of 2 to 4 years on each count, unanimously reversed, on the law, and the matter remanded for a new trial.

During voir dire, a prospective juror related that she had been mugged a few years earlier and that no one had been arrested. When the prosecutor asked whether any of the jurors felt they could not be fair; the prospective juror answered, "Yes," and explained, "I have very strong opinions about law enforcement and leniency. I feel pretty strongly about certain issues." In response to the prosecutor's question, she said she felt strongly that the criminal justice system was too lenient. The prosecutor informed her that her feelings about punishment for the defendant, in the event of conviction, had no place in her deliberations as a juror. The prospective juror answered, "I understand, but you asked if I, if any of us thought or had a reason why we thought we could not be fair and I'm explaining to you that I don't feel that I could be fair because I do have very strong opinions and I think that that would influence my decision."

The court asked, "In other words, you think you could not follow the Law in this case, you could not follow reasonable doubt?" The prospective juror answered, "I'm not saying I couldn't follow the Law, but I would be influenced by certain feelings that I have. I know I would be in the end, as much as I would want to be uninfluenced, I do feel that I would be." The court asked whether she could follow the principle that the defendant is presumed innocent until proven guilty beyond a reasonable doubt. The prospective juror told the court she would do her best to follow that legal instruction but added, "Again, I feel if I have to really analyze my feelings, that I do have very strong opinions and I'm concerned that it might interfere with my judgment."

The court asked whether her opinions would compel her to convict the defendant even if the prosecutor did not prove his guilt beyond a reasonable doubt. The prospective juror answered, "No. I want to be fair, but I'm just saying that I do have I have [sic] strong opinions and I fear that it might interfere with my final judgment." The court asked her if she

could explain how her opinions would affect her judgment, stating that if she thought she would be able to follow the law, that is, if she would refrain from convicting unless the case was proved beyond a reasonable doubt, then she could be a fair juror. The prospective juror answered, "I don't think I can tell you any more explicitly than I've already done. I mean, I'm doing my best to explain how I feel." In their final exchange, the court asked the prospective juror whether she thought she would be able to follow the law, and the prospective juror answered, "I will follow everything that's said, yes."

The court denied defendant's challenge of the prospective juror for cause on the basis of "her statements ultimately that she would follow all the legal principles." Defendant therefore used one of his peremptory challenges to remove her from the jury. Before voir dire was concluded, he had exhausted his peremptory challenges.

The Criminal Procedure Law authorizes an objection to a prospective juror on the ground that "[h]e has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). "Obviously, when potential jurors themselves openly state that they doubt their own ability to be impartial in the case at hand, there is far more than a *likelihood* of bias, and an unequivocal assurance of impartiality must be elicited if they are to serve" (*People v Johnson*, 94 NY2d 600, 614 [emphasis in original]). In this case the challenged juror herself openly stated, several times, that she doubted her own ability to be impartial. Moreover, in responding to the court's questions about her ability to follow the law, she repeated her concern that her feelings would interfere with her judgment (*see, People v Sharper*, 255 AD2d 139, 141, *affd* 94 NY2d 600). At no time did she offer an unequivocal assurance that she would be impartial (*see, People v Walton*, 220 AD2d 286).

Since defendant used one of his peremptory challenges against the prospective juror and then exhausted his peremptory challenges before jury selection was complete, the court's improper denial of defendant's challenge for cause constitutes reversible error, and a new trial is required (CPL 270.20 [2]). Concur—Williams, J. P., Tom, Ellerin, Rubin and Saxe, JJ.