■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON SANTOS, Appellant. [718 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered April 7, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court usurped the jury's fact-finding function is without merit. The trial court's statement that no evidence had been presented that the defendant had the legal authority to sell cocaine was factually accurate. Moreover, that statement was consistent with the presumption that the sale of narcotics is unlawful (see, People v Rodriguez, 58 AD2d 612; People v Strong, 47 AD2d 798, affd 42 NY2d 868), as well as with the defendant's right to present evidence of any legal authority he might have had to sell cocaine (see, Public Health Law § 3396 [1]; People v Rodriguez, supra). Additionally, the defendant was not prejudiced by the trial court's remark, since the trial court repeatedly instructed the jurors that their recollection of the evidence was controlling. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. SMITH, Appellant. [718 NYS2d 874] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered April 19, 1999, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he did not receive the effective assistance of counsel is without merit (see, People v Benevento, 91 NY2d 708, 713; People v Ford, 86 NY2d 397; People v Jackson, 70 NY2d 768).

The defendant's remaining contentions are unpreserved for appellate review. Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.