■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CAMACHO, Appellant. [720 NYS2d 533] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered July 31, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the denial of his challenge for cause of a prospective juror was reversible error. We agree.

During the voir dire, a prospective juror, in response to the

question as to whether she would be more sympathetic to testimony of an undercover police officer than another witness, stated: "The more I sit here and think about it, I think I would be. I don't think I would be very objective, to be honest with you." No unequivocal assurance of impartiality was obtained from this juror (*see, People v Johnson,* 94 NY2d 600). The defendant's challenge for cause to this juror was denied. Because the defendant then exercised a peremptory challenge against the prospective juror, and eventually exhausted his allotment of peremptory challenges, his conviction must be reversed and a new trial Ordered (*see, People v Jackson,* 265 AD2d 342; *People v Zachary,* 260 AD2d 514). Bracken, Acting P. J., Goldstein, H. Miller and Feuerstein, JJ., concur.