■ The People of the State of New York, Respondent, v Nelson Escoto, Appellant. [725 NYS2d 771] —Judgment unanimously reversed on the law and new trial granted on counts one, two and three of the indictment. Memorandum: Contrary to the contention of defendant, the verdict convicting him of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), conspiracy in the second degree (Penal Law § 105.15), and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We agree with defendant, however, that County Court erred in denying his challenge for cause to a prospective juror. Following the denial of his challenge for cause to that prospective juror, defendant exercised a peremptory challenge to excuse that juror and, prior to the end of jury selection, he exhausted his peremptory challenges. Thus, the erroneous denial of the challenge for cause constitutes reversible error (*see*, CPL 270.20 [2]; *People v White*, 275 AD2d 913, 914).

During voir dire, the prosecutor asked the prospective jurors whether any felt so strongly about drugs that their feelings would "cloud" their judgment. The prospective juror in question advised the prosecutor that his brother was in law enforcement and was assigned to drug enforcement. When asked whether that fact would affect his impartiality, the prospective juror stated, "I'm pretty close, and I understand the frustration that he has with the Court system. Sometimes I think it clouds my judgment, sometimes." Later, upon questioning by counsel for codefendant, the prospective juror stated that he thought he would be "[s]lightly bias[ed] because we are close and talk a lot." When asked if he would feel more comfortable being excused from the jury so that he would not have to fight his prejudice against drugs, the prospective juror replied, "I feel that I can work around my biases" and stated that he was willing to listen to both sides. However, when asked whether he would "lean toward" drug enforcement, he replied, "Probably."

Upon defense counsel's challenge for cause to the prospective

juror, the court asked the prospective juror whether he could reach a fair verdict based on the evidence. The prospective juror replied, "I think I can." When asked if he could follow the court's instructions, the prospective juror replied, "Yes." When asked if he would be "absolutely fair and impartial," he replied, "I think so."

Where an issue concerning the ability of a prospective juror to be fair and impartial is raised, the prospective juror must state unequivocally that the juror's prior state of mind will not influence the juror's verdict, and that the juror will render an impartial verdict based solely on the evidence (*see, People v Blyden*, 55 NY2d 73, 77-78; *People v Biondo*, 41 NY2d 483, 485, *cert denied* 434 US 928; *People v Barber*, 269 AD2d 758, 760). "Obviously, when potential jurors themselves openly state that they doubt their own ability to be impartial in the case at hand, there is far more than a *likelihood* of bias, and an unequivocal assurance of impartiality must be elicited if they are to serve" (*People v Johnson*, 94 NY2d 600, 614 [emphasis in original]). Where the testimony of a prospective juror reveals uncertainty, the court must examine the juror's testimony as a whole (*see, People v Torpey*, 63 NY2d 361, 368, *rearg denied* 64 NY2d 885; *People v Blyden*, *supra*, at 78) and "should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve" (*People v Branch*, 46 NY2d 645, 651; *see, People v Torpey, supra*, at 369; *People v Blyden, supra*, at 78). Equivocal responses "are insufficient in the absence of 'express and unequivocal' declarations that the juror will put any preconceptions aside and render an impartial verdict based solely on the evidence" (*People v Burdo*, 256 AD2d 737, 740; *see, People v Brzezicki*, 249 AD2d 917, 918-919; *People v Sumpter*, 237 AD2d 389, 390-391, *lv denied* 90 NY2d 864; *People v Webster*, 177 AD2d 1026, 1028, *lv denied* 79 NY2d 866).

Here, the prospective juror gave equivocal responses concerning his impartiality and did not state unequivocally that his prior state of mind would not influence his verdict. We must therefore reverse the judgment and grant a new trial (*see, People v Blyden, supra*, at 78-79; *People v Burdo, supra*, at 741; *People v Brzezicki, supra*, at 918-919). We have examined the remaining contentions of defendant, including those raised in the *pro se* supplemental brief, and conclude that they are lacking in merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.